UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHANIE SMITH, ET AL.

VERSUS

DOLGENCORP, LLC, ET AL.

CIVIL ACTION

NUMBER 13-501-JJB-SCR

## **RULING MOTION TO COMPEL DISCOVERY**

Before the court is the Motion to compel Discovery Responses filed by defendant Dolgencorp, LLC. Record document number 10. No opposition has been filed.

Defendant filed this motion to compel plaintiffs Stephanie and Dwayne Smith to respond to its Second Set of Interrogatories and Requests for Production of Documents propounded on January 17, 2014.[1] After no responses were received, the defendant's counsel sent a letter to the plaintiffs' counsel setting a Rule 37 discovery conference on March 5, 2014 to discuss the outstanding discovery requests.[2] At that conference, the plaintiffs' counsel agreed to provide the defendant with the plaintiffs' answers to the interrogatories and requests for production by March 20, 2014.[3] No responses had been received at the time this motion was filed.

Despite the defendant's efforts to obtain the discovery

---

[1] Record document 10-2, Exhibit 1.

[2] Record document 10-3, Exhibit 2. See Rule 37(a)(1) and (d)(1)(B), Fed.R.Civ.P.

[3] Record document 10-4, Exhibit 3.

responses, the plaintiffs did not serve their answers to interrogatories or produce responsive documents. Nor have the plaintiffs responded to this motion or otherwise furnished any information indicating when their discovery responses will be provided.

In these circumstances, under Rule 37(a)(3) and (d)(1)(A), Fed.R.Civ.P., the defendant is entitled to an order requiring the plaintiffs to respond and imposing sanctions. Plaintiffs will be required to provide responsive answers and documents to the Second Set of Interrogatories and Requests for Production of Documents within 10 days. No objections will be allowed.[4] Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi). However, the defendant did not seek additional sanctions.

Under Rule 37(d)(3) the court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Defendant's motion shows that a good faith attempt was made to obtain the discovery responses without court action. Nothing in the record indicates that the plaintiffs' failure was substantially justified or that

---

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

there are any circumstances which would make an award of expenses unjust. Therefore, the defendant is entitled to reasonable expenses under Rule 37(d)(3). Defendant did not claim a specific amount of expenses incurred in filing this motion. However, a review of the motion and memorandum supports the conclusion that an award of $250.00 is reasonable.

Accordingly, the Motion to Compel Discovery Responses filed by defendant Dolgencorp, LLC. is granted. Plaintiffs shall serve their answers to interrogatories and produce documents responsive to the Second Set of Interrogatories and Requests for Production of Documents, without objections, within 10 days. Pursuant to Rule 37(d)(3), the plaintiffs shall pay to the defendant, within 10 days, its reasonable expenses in the amount of $250.00.

Baton Rouge, Louisiana, May 5, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE